IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GENE R. BUNDY                          )
                                       )
v.                                     )          No. 3:15-0131
                                       )
CAROLYN W. COLVIN,                     )
        Acting Commissioner of         )
        Social Security                )

To: Honorable Todd J. Campbell, District Judge

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* without an attorney, filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of the Social Security Administration, which denied Plaintiff's claims for Disability Insurance Benefits ("DIB") as provided by the Social Security Act.

Plaintiff filed his complaint with this Court on February 12, 2015 (Docket Entry No. 1). Defendant filed an answer (Docket Entry No. 11) and the administrative record (Docket Entry No. 12) on April 27, 2015. By order entered June 1, 2015 (Docket Entry No. 13), Plaintiff was given 30 days to file a motion for judgment on the record. Plaintiff did not file a motion for judgment on the record or move to extend the deadline to do so.

By order entered September 15, 2015 (Docket Entry No. 17), Defendant's motion for an order directing Plaintiff to show cause (Docket Entry No. 16) was granted. The September 15, 2015 order also provided that Plaintiff had until October 2, 2015, to file a motion for judgment on the

administrative record and an accompanying memorandum in support or to show cause why this case should not be dismissed for failure to prosecute.

Plaintiff has not filed a motion for extension of time, has not made any attempt to show cause or otherwise explain why he has not filed a motion for judgment on the record, has not made any other filings whatsoever, and has not otherwise communicated with the Court in any form or fashion.

Rule 16(f) of the Federal Rules of Civil Procedure provides that:

> [i]f a party . . . fails to obey a scheduling . . . order . . ., the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

Pursuant to Rule 37(b)(2)(C), as assimilated into Rule 16(f), the Court may dismiss an action.

It is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Additionally, Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for the "failure to prosecute or to comply with these rules or a court order." Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980).

Plaintiff has had ample opportunity to prosecute this case. He was well aware of his obligation to file a motion for judgment on the record and, upon Plaintiff's failure to file such a motion, the Court directed Plaintiff to show cause why the case should not be dismissed for failure to prosecute. Plaintiff was clearly put on notice by Defendant's August 4, 2015, motion for an order to show cause and by the Court's September 15, 2015, order that the case could be dismissed for

failure to prosecute if he took no further action. Despite such notice, Plaintiff has made no filings since his original complaint and has failed to communicate with the Court in any form or fashion. Plaintiff has clearly lost interest in prosecuting this case.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that:

1.      This action be dismissed for Plaintiff's failure to prosecute this case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and for his failure to comply with the order entered September 15, 2015 (Docket Entry No. 17), pursuant to Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

BARBARA D. HOLMES
United States Magistrate Judge

3